■ UA-COLUMBIA CABLEVISION OF WESTCHESTER, INC., Respondent, v FRAKEN BUILDERS, INC., Appellant, et al., Defendants. — In an action to compel defendant Fraken Builders, Inc., to specifically perform an alleged agreement between it and plaintiff, to enjoin said defendant from interfering with the performance by plaintiff of that contract, and for damages against defendants Henry Victorino and Teresa Chiacchia, defendant Fraken Builders, Inc., appeals from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), entered March 12, 1982, as, after a nonjury trial, held the agreement to be valid and enforceable, granted plaintiff the right to specific enforcement of the agreement, permanently enjoined appellant from interfering with the progress and completion of the installation of the cable television facilities and equipment of the plaintiff at appellant's premises and dismissed appellant's counterclaims. Judgment modified, on the law, by delet-ing the third and fourth decretal paragraphs thereof and substituting therefor a provision dismissing plaintiff's complaint as against defendant Fraken Builders, Inc., and by deleting the sixth decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, without costs or dis-bursements, and matter remitted to the Supreme Court, Westchester County, for a trial on the counterclaims asserted by defendant Fraken Builders, Inc. Appellant is the owner of four apartment buildings. Respondent is a cable television company which was awarded a nonexclusive franchise for the installation of cable television facilities in the City of New Rochelle. Thereaf-ter, one of the respondent's subcontractors obtained the signature of Henry Victorino, superintendent of the buildings, on a document granting respondent permission to install cable television equipment therein. Later, one Mrs. Chiacchia, who described herself as the "managing agent" of the building, also signed. Neither respondent nor its subcontractor ever sought or obtained the signature of any of appellant's corporate officers, or of anyone at its main office in Mount Vernon. In or about the beginning of July, 1979 respondent com-menced installation. The work involved drilling holes in various walls, ceil-ings, and floors in order to install wires throughout the four buildings. Andrew LaSala, secretary of appellant corporation, visited the premises on July 23, 1979, and first learned of the installation. He immediately caused all work to

cease. After negotiations proved futile, the instant litigation ensued. The trial court granted respondents an injunction enjoining appellant from interfering with the completion of the installation and dismissed appellant's counterclaims based, *inter alia,* upon trespass and upon a constitutional claim for reasonable compensation for the use of its property. In reaching its conclusion, the trial court relied upon the Court of Appeals decision in *Loretto v Teleprompter Manhattan CATV Corp.* (53 NY2d 124). *Loretto* was later reversed by the United States Supreme Court (458 US 419), and upon remand (58 NY2d 143) the Court of Appeals found that compensation should be determined by Special Term or, in the future, by the New York State Commission on Cable Television, and that the commission has the power to require "advance payment or security * * * to assure the adequacy of compensation as to both amount and certainty of payment" (58 NY2d, at p 153). Since such compensation was not believed to be available at the time this case was heard and decided, those issues must be addressed upon remittal. In its findings of fact, Trial Term found that Mrs. Chiacchia had apparent authority to sign the document in question based upon the manner in which she held herself out. However, apparent authority can bind a principal only where there was some misleading conduct on the part of the principal. The actions of the agent cannot suffice (*Ford v Unity Hosp.,* 32 NY2d 464, 472-473). Here, the record is devoid of evidence of any actions by appellant that cloaked Mrs. Chiacchia with apparent authority to sign a contract for the installation of cable television facilities. She worked in a small office on the property, which had a paper sign saying "rentals". The nameplate on her desk said "Mrs. Chiacchia", but had no title. Despite respondent's knowledge that appellant's main office was in Mount Vernon, it did not seek the signature of any of the corporate officers, nor did it make any effort to determine the scope of Mrs. Chiacchia's authority. Thus, respondent has failed to demonstrate that it properly determined Mrs. Chiacchia's authority or that there was any misleading conduct on the part of appellant which caused respondent to believe Mrs. Chiacchia had the authority to sign the agreement. Consequently appellant cannot be bound by the agreement (*Ford v Unity Hosp., supra*). Similarly the record is barren of proof that Victorino had actual or apparent authority to sign the document in question. Appellant's other contentions have been considered and found to be without merit. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.