■ UA-COLUMBIA CABLEVISION OF WESTCHESTER, INC., Appellant-Respondent, v FRAKEN BUILDERS, INC., Respondent-Appellant, et al., Defendants.—In an action in which plaintiff sought, *inter alia,* to compel defendant Fraken Builders, Inc. (Fraken), to specifically perform an alleged agreement between it and plaintiff, in which defendant Fraken counterclaimed, *inter alia,* to recover damages for trespass, plaintiff appeals and defendant Fraken cross-appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated January 4, 1984, which, after a nonjury trial, found plaintiff liable for trespass and awarded Fraken $25,000 in punitive damages plus costs and disbursements, but denied Fraken compensatory damages and attorney's fees.

Judgment modified, on the law and the facts, by deleting the provision which awarded Fraken $25,000 in punitive damages, and substituting therefor a provision dismissing

Fraken's demand for punitive damages. As so modified, judgment affirmed, without costs or disbursements.

In *UA-Columbia Cablevision v Fraken Bldrs.* (96 AD2d 509, *appeal dismissed* 60 NY2d 838), plaintiff's causes of action, *inter alia,* for specific performance of an alleged agreement regarding the installation of cable television equipment in properties owned by Fraken, and for an injunction against Fraken prohibiting it from interfering with that contract, were dismissed because it was determined that an employee of Fraken had executed the contract without apparent authority, making the contract unenforceable. The matter was then remitted to the Supreme Court, Westchester County, for a trial on the counterclaims of Fraken, which alleged that plaintiff had trespassed upon its properties by installing cable television equipment therein without gaining its prior consent. The matter was also remitted in order to determine what, if any, compensation was due Fraken in light of the decision by the Court of Appeals in *Loretto v Teleprompter Manhattan CATV Corp.* (58 NY2d 143).

Following a nonjury trial, plaintiff was found to have committed a trespass because it entered the property of Fraken and installed cable television equipment pursuant to an invalid agreement, and in violation of Executive Law § 828 (1) (a) (i), (iii). Although the court found that the circumstances did not warrant an award of compensatory damages, it assessed $25,000 in punitive damages against plaintiff so that an example would be set which would prevent cable television companies from entering apartment houses in the future without meeting the conditions precedent required by the statute.

We find that the award of punitive damages was not justified in this case. Such damages can be awarded in a trespass action as a punishment to the actor and as an admonition to others where the actor's conduct demonstrated malice, fraud, recklessness or other circumstances of aggravation *(Le Mistral, Inc. v Columbia Broadcasting Sys.,* 61 AD2d 491; *MacKennan v Bern Realty Co.,* 30 AD2d 679). In entering the buildings and commencing installation of the equipment without first affording the owners the opportunity to exercise their limited statutory rights, plaintiff did commit a trespass. Although Executive Law § 828, which prohibits landlord interference with the installation of cable television facilities, is a valid exercise of the State's police power *(see, Loretto v Teleprompter Manhattan CATV Corp., supra),* it does not provide cable television companies with an unconditional right of

entry. However, in light of the history of Executive Law § 828 (see, Loretto v Teleprompter Manhattan CATV Corp., supra), and plaintiff's attempts at compliance, it cannot be said that plaintiff acted in reckless or wanton disregard of the rights of Fraken so as to warrant the imposition of punitive damages. Similarly, the argument raised on the cross appeal for an award of attorney's fees is without merit, since neither malice nor an intention to abuse the legal system was apparent in plaintiff's actions.

Fraken was also not entitled to an award of compensatory damages for losses caused during the installation, or for the cost of removing the system, since there was no evidence of damage to its properties. Further, in the future, it may not unreasonably interfere with the installation of cable television facilities in its buildings and, therefore, is not entitled to the cost of removal of the system. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.