OPINION OF THE COURT
Harold Tompkins, J.
Plaintiff seeks summary judgment on its first and second *893 causes of action enjoining defendant from interfering with its installation of cable television facilities into the premises at 55 Perry Street, New York City. Defendants state that they have no objection to the installation of cable television and that their sole objection is to the method of installation. They want plaintiff to install the equipment through vertical risers running through continuous closets. Plaintiff seeks to wire the premises by the hallway moulding method which places the wiring in the public hallway contained by moulding.
Executive Law § 828 provides that a landlord may not interfere in the installation of cable television facilities upon his (or her) premises (see, Loretto v Teleprompter Manhattan CATV Corp., 53 NY2d 124 [1981], revd on other grounds 458 US 419 [1982], on remand 58 NY2d 143 [1983]). Executive Law § 824 (1) requires a cable company to provide service in accordance with applicable laws, regulations and franchise requirements. Plaintiff states without contradiction that it has not used the continuous closet method of installation since the early 1970’s. It has set forth copies of directives from the New York City Office of Telecommunications dating from 1976 and thereafter which mandated cable wiring through a public hallway or stairwell. The agency based its determination to mandate wiring through public areas of the premises on a greater ease of servicing in comparison to the continuous closet method where access to private apartments was necessary in some circumstances and the lessened danger of tampering. The court sees no reason to interfere with the determination of the agency responsible for regulating this area. Defendants’ refusal to permit access for installation, except in a manner forbidden by the regulatory authorities, is a refusal to permit installation. The Legislature has determined that the public utility of access to cable television outweighs the landlord’s right to control of the public areas of the premises (Executive Law § 828; Loretto v Teleprompter Manhattan CATV Corp., supra). Defendant has not shown any evidence of a threat to the safety, functioning or appearances of the premises or the convenience of any of the tenants.
The landlord has an administrative remedy under 9 NYCRR part 598 for damages caused by the installation and operation of the cable facilities.
Plaintiff’s motion for summary judgment on its first and second causes of action is granted.