■ In the Matter of ORWELL MANAGEMENT, Petitioner, v NEW YORK STATE COMMISSION ON CABLE TELEVISION, Respon-

dent, and PARAGON COMMUNICATIONS, Intervenor.—Petition in this proceeding, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (William Davis, J.), entered on January 9, 1989, challenging a determination by respondent, dated April 14, 1988, which fixed compensation, is unanimously denied, respondent's determination confirmed and the proceeding dismissed, without costs or disbursements.

Petitioner, Orwell Management (Orwell), is the owner of real property located at 1 West 85th Street. Respondent, New York State Commission on Cable Television (Commission), is the New York State agency that regulates cable television services pursuant to article 28 of the Executive Law. Intervenor, Paragon Communications, doing business as Paragon Cable Manhattan (Paragon), is the current successor in interest to Teleprompter. By a letter agreement dated February 23, 1971, Orwell granted Teleprompter the right to install cable television facilities on the premises. The letter agreement provided, *inter alia,* that:

"Teleprompter shall have the exclusive privilege of offering and furnishing CATV or Cable TV service to occupants of the premises and Teleprompter's representatives shall be permitted to enter the premises for such purpose and for the purpose of installing and maintaining, replacing, repairing or relocating any of its facilities.

"This agreement will continue for a period of five years and thereafter from year to year. After the initial five year period, either party may terminate it upon written notice given no later than 90 days prior to the end of any contract year.

"In consideration of the Landlord's signing this agreement, Teleprompter agrees to pay the then Landlord of the premises, annually, 5% of Teleprompter's gross service income from occupants of the building who subscribe to its CATV System and remain subscribers for a period of one year or more.

"Teleprompter further agrees to pay to the Landlord a $5.00 one-time payment for each tenant in said premises who subscribes to CATV for three (3) months or longer.

"Teleprompter further agrees to give to the Landlord free service of one t.v. set for the duration of the contract period."

At the time of the agreement, there was no statute governing cable television in New York State. Article 28 of the Executive Law was enacted in 1972, effective January 1, 1973

(see, *Loretto v Teleprompter Manhattan CATV Corp.,* 458 US 419, *on remand* 58 NY2d 143). Petitioner sought to enforce the agreement and have Teleprompter post a $50,000 bond as just compensation for the cost of removing the cable facilities. The Commission found that the letter agreement was an access agreement and, therefore, fell under Executive Law § 828 (1), which renders such agreements null and void as against public policy. The Commission further held that "the cost of removal and restoration is not an element to be considered in determining the value of a taking, there is no basis under Section 828 (1) (b) to require the posting of a security bond for the payment of just compensation in this case." It was pointed out to petitioner that section 828 (1) (a) (iii) allows a landlord to require the cable company to indemnify him for damages incurred upon removal of such facilities.

Even if section 828 (2), providing that "[r]ental agreements and leases executed prior to the effective date of this article may be enforced notwithstanding this section", applied (although the Commission does not believe that it does), the agreement had an initial term of five years and was canceled in 1973. Moreover, the Commission determined that the part of the letter agreement referring to complimentary service was separate from any access agreement. Therefore, petitioner's claim was dependent upon the contract. The contract authorized cancellation upon 90 days' notice before the expiration of any contract year after 1976. It was found that courtesy service need not be continued but that nothing shall prejudice the petitioner's eligibility for such under Paragon's existing courtesy service.

Accordingly, respondent's determination was supported by substantial evidence, was rationally based and should, therefore, be confirmed (see, CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). Concur—Kupferman, J. P., Milonas, Asch and Smith, JJ.