■ In the Matter of 86TH STREET TENANTS CORP. et al., Appellants, v NEW YORK STATE COMMISSION ON CABLE TELEVISION et al., Respondents. [627 NYS2d 693] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J., upon a decision of Carmen Ciparick, J.), entered March 31, 1994, which, in a proceeding pursuant to CPLR article 78 to annul eight Orders of Entry issued by respondent New York State Commission on Cable Television permitting respondents Paragon Cable Manhattan and Time Warner Cable of New York City to have access to the subject buildings for the purpose of installing cable television facilities or equipment, denied the application and dismissed the petition as to petitioners 86th Street Tenants Corp., Fifty-First Beekman Corp., 19 East 88th Street, Inc., and 145 East 84th Street Owners Corp., and granted the petition as to petitioners 650 Park Avenue Corp., 45 East 72nd Street, Inc., Phoenix Owners Corp., and 555 Park Avenue, Inc. only to the extent of remanding the matter to the Commission for a redetermination of the method by which the cable companies shall install their equipment in the subject buildings, unanimously affirmed, without costs.

We agree with the IAS Court's rulings with respect to the various points raised on appeal. Petitioners do not have a constitutional right to a full evidentiary hearing prior to the installation of cable upgrade equipment in their apartment buildings pursuant to Executive Law § 828, the hearing

procedures under 9 NYCRR part 598 affording them an adequate opportunity to be heard prior to issuance of the Orders of Entry (*see, Fifth Ave. Coach Lines v City of New York*, 11 NY2d 342, 348). The four petitioners who refused to participate in the proceedings before the Commission lacked standing to maintain this article 78 proceeding (*see, New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm. for N. Y. Inst. for Educ. of Blind*, 83 AD2d 390, 403, *affd* 57 NY2d 982). The Commission had jurisdiction to declare the cable companies in compliance with Executive Law § 828 and their entitlement to install the cable facilities (*see, Matter of City of New York v State of N. Y. Commn. on Cable Tel.*, 47 NY2d 89, 92-93; *see generally, Loretto v Teleprompter Manhattan CATV Corp.*, 53 NY2d 124, *revd on other grounds* 458 US 419, *on remand* 58 NY2d 143). Petitioners' construction of the "not mandatory" portion of the regulation (9 NYCRR 598.4 [b] [9]) to mean that a landlord choosing not to participate would not be bound by the Commissioner's determination is, as the IAS Court said, "absurd, [since it] would allow any landlord to subvert the authority of the Commission simply by defaulting". Also to be upheld as reasonable is the Commission's interpretation of Executive Law § 828 as authorizing building-wide rather than piecemeal installation (*see, Cable Tel. Assn. v New York State Commn. on Cable Tel.*, 155 Misc 2d 322, 327-328). Concur— Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.