[646 NYS2d 400]

ROSE M. PANDOZY, as Commissioner of the Clinton County Department of Social Services, Respondent, v JUDY A. MURPHY, Individually and as Executrix of RICHARD E. MURPHY, Deceased, Appellant.

Third Department, July 25, 1996

146

APPEARANCES OF COUNSEL

*Stafford, Trombley, Purcell, Lahtinen, Owens & Curtin, P. C.,*
Plattsburgh *(Edward J. Trombley* of counsel), for appellant.
*Van Crockett,* Plattsburgh, for respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

In June 1985, Michael Murphy—who was then 14 years old—
was convicted, as a juvenile offender, of having committed the
crime of murder in the second degree (*see,* Penal Law § 30.00
[2]). Sentenced to an indeterminate term of imprisonment of 9
years to life, he was committed to the custody of the Division
for Youth and was held in Division facilities until December
1991, when he attained 21 years of age. Pursuant to Executive
Law § 529, one half of the cost of Murphy's care, maintenance
and supervision during this time period was paid by the Clin-
ton County Department of Social Services.

Plaintiff now seeks reimbursement from defendants, Mur-
phy's father and stepmother,* for the expenses incurred by the
Department as a result of his confinement. After issue was
joined, plaintiff moved for summary judgment and defendants
cross-moved for dismissal of the complaint, urging that Execu-
tive Law § 528—which allows for the recoupment, from those
liable for a minor's support, of costs incurred as a result of the
child's placement with the Division for Youth—is unconstitu-
tional where, as here, the primary purpose of the placement is
to protect society, rather than to serve the interests of the
child. The motions were both denied and defendants appeal.

In support of their position, defendants advert to *In re Jer-
ald C. v Hiram G.* (36 Cal 3d 1, 201 Cal Rptr 342), where the
Supreme Court of California struck down, on equal protection

---

* Defendant Richard E. Murphy died after the action was commenced, and
his interests are now represented by defendant Judy A. Murphy, in her
capacity as executrix of his estate.

grounds, a statute authorizing recovery from his parents of the cost of incarcerating a juvenile. There, the court concluded that because the detention (placement at a juvenile hall, boys' ranch and subsequent commitment to the California Youth Authority) served a public purpose—the protection of society from criminal activity—it was improper to charge one class of persons, the incarcerated minors' relatives, for the costs associated with maintaining the State institutions necessary to accomplish that purpose (*see*, 36 Cal 3d, *supra,* at 6, 201 Cal Rptr, *supra,* at 344).

But this analysis, which has since been refined and reaffirmed (*see, County of San Mateo v Dell J.*, 46 Cal 3d 1236, 1252, 252 Cal Rptr 478, 488), is not dispositive of the present controversy, which involves the constitutionality of a statute that is different, in material respects, from the one before the court in *Jerald C.* In determining whether the reimbursement provision relied upon by plaintiff passes constitutional muster, a governing principle to be invoked is that a statute must be construed, if at all possible, so as to sustain its constitutionality (*see, Loretto v Teleprompter Manhattan CATV Corp.*, 58 NY2d 143, 149; *Matter of Schultz Mgt. v Board of Stds. & Appeals*, 103 AD2d 687, 689, *affd* 64 NY2d 1057). Because we find that Executive Law § 528 admits of a constitutionally sound interpretation, we affirm.

Executive Law § 528 (captioned "Support of children in the division"), by its express terms, does not require that parents, or other persons responsible for the committed person's support, defray the entire cost of his or her detention; only those who are able to pay a "part of the cost of maintenance of such child" can be directed to do so, and then only in such amounts "as the court may decide to be fair and equitable" (Executive Law § 528 [1]). This provision allows the court ample latitude to assess "the approximate level of [defendants'] support obligation" at the time of the incarceration (*In re Jerald C. v Hiram G.*, 36 Cal 3d 1, 12, 201 Cal Rptr 342, 349, *supra* [Kaus, J., concurring]), as well as other factors that bear on the appropriate level of contribution.

Furthermore, the statute prescribes that "[p]roceedings shall be had and payments * * * made, in accordance with" Family Court Act provisions for the support of children committed to private institutions (Executive Law § 528 [2]; *cf.*, Family Ct Act § 234 [b]; *Matter of Jesmer v Dundon*, 29 NY2d 5, 7, n 1). These direct and indirect allusions to the duty of support manifest that the reimbursement aspects of this statute should be

construed as referring to, and allowing recovery of, only those amounts attributable to items for which the answerable parties would otherwise have been obligated, namely, those things that are properly classified as elements of support, including food, clothing, shelter and the like (*see*, Family Ct Act § 416). And because it would be constitutionally unacceptable to assess a juvenile offender's parents for the additional costs associated with maintaining the security of an institution for the protection of the public, such a charge could not be sustained as "fair and equitable" under the statute.

Interpreted in this manner, Executive Law § 528 does not violate the principles of equal protection, for it merely bestows upon the court the authority to insist that the parents of an incarcerated minor continue to meet their preexisting duty to support their child, just as they would be bound to had he or she not been convicted (*see*, Family Ct Act § 413 [1] [a]). The existence of this duty provides a rational basis for imposing an obligation upon defendants that is not shared by the parents or other relatives of an imprisoned adult, or by other members of society (*cf.*, *County of San Mateo v Dell J.*, 46 Cal 3d 1236, 1252, 252 Cal Rptr 478, 488, *supra*); hence, ample justification exists for Supreme Court's determination.

CARDONA, P. J., MIKOLL, CREW III and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.