OPINION OF THE COURT
Patricia P. Satterfield, J.
Petitioner is the attorney for John Doe, a respondent in an *520 arbitration proceeding before the New York Stock Exchange (NYSE). In this case of apparent first impression, petitioner asks this court to appoint a guardian ad litem for John Doe in conjunction with the arbitration, whom petitioner claims is of unsound mind and incapable of the management of his affairs. The threshold question is whether this court has jurisdiction to grant the relief requested.[1]
Petitioner contends that the Supreme Court, as a court of general jurisdiction, has the power to appoint a guardian ad litem over a respondent in a proceeding before a contractual forum, pursuant to CPLR 1202. Article VI, § 7 (a) of the New York Constitution establishes the Supreme Court as a court of “general original jurisdiction in law and equity.” Under this grant of authority, the Supreme Court “is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166), and “to that extent its powers are ‘unlimited and unqualified’ (Kagen v Kagen, 21 NY2d 532, 537).” (Sohn v Calderon, 78 NY2d 755, 766; see also, Matter of Fry v Village of Tarrytown, 89 NY2d 714.) Such proscription has been found as it relates to disputes that are resolvable in the first instance by administrative agencies of the State of New York. As was stated in Sohn (supra, 78 NY2d, at 766-767): “However, it has never been suggested that every claim or dispute arising under,a legislatively created scheme may be brought to the Supreme Court for original adjudication. To the contrary, in Loretto v Teleprompter Manhattan CATV Corp. (58 NY2d 143, 152-153), this Court observed that concurrent original jurisdiction is not necessarily conferred on the Supreme Court when the Legislature provides for the adjudication of regulatory disputes by an administrative agency within the executive branch, as distinguished from a court within the judicial branch. Indeed, we stated in Loretto that there is nothing in article VI, § 7 (b) or the relevant case law ‘to suggest that administrative agencies cannot be given a first instance adjudicatory function, subject to judicial review’ (58 NY2d, at 153, supra; cf., Flacke v Onondaga Landfill Sys., 69 NY2d 355, 362-363 [Supreme Court does not have jurisdiction concurrent *521 with that of Department of Environmental Conservation with respect to agency’s legislative licensing and regulatory functions]).” Accordingly, the constitutionally protected jurisdiction of the Supreme Court does not prohibit the Legislature from conferring exclusive original jurisdiction upon an agency in connection with the administration of and resolution of disputes within its primary jurisdiction.
Such an analysis, which specifically addressed State administrative agencies, is even more compelling with respect to private sector arbitration proceedings, such as those at issue. Contrary to petitioner’s assertion, the original and general jurisdiction of the Supreme Court does not vest in this court the inherent authority to appoint a guardian ad litem over a respondent in a proceeding before a contractual forum.
Nor, as argued, does CPLR 1202 invest the Supreme Court with such authority. CPLR 101 expressly defines and .limits the CPLR’s applicability, providing that it “shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.” (See, Matter of United States Power Squadrons v State Human Rights Appeal Bd., 84 AD2d 318, appeal granted 57 NY2d 607, affd 59 NY2d 401, rearg dismissed 60 NY2d 702, 682 [standing for the proposition that the CPLR is applicable to “civil judicial proceedings” and not to administrative proceedings].) CPLR 1202 authorizes that the court
“in which an action is triable may appoint a guardian ad litem at any stage in the action upon its own initiative or upon the motion of * * *
“2. a relative, friend[2] or a guardian, committee of the property, or conservator.” (CPLR 1202 [a].)
It is well settled, pursuant to this rule, that a guardian ad litem may be appointed by a court at any stage of an action in which an adult is incapable of adequately prosecuting or defending his or her rights, even when no formal adjudication of incompetence has been made. (See, Tudorov v Collazo, 215 AD2d 750; Matter of Lugo, 8 AD2d 877, affd 7 NY2d 939.) The clear language of this statutory provision presupposes that an action is underway in the court in which the appointment of a guardian ad litem is being sought.
*522 Petitioner, however, argues to the contrary, contending that the statutory provision, in its utilization of the language “an action is triable,” requires only that the court have jurisdiction over the parties and jurisdiction over the controversy, not that an action be pending in that court. Petitioner’s statutory construction arguments are to no avail. It is well established that where, as here, “the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used.” (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [citations omitted]; Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675; Bender v Jamaica Hosp., 40 NY2d 560, 562 [“no rule of construction gives the court discretion to declare the intent of the law when the words are unequivocal”]; see also, Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 103, n 1 [departure from legislative text not recommended where the language is unambiguous and the result is not absurd].) Reading CPLR 101 and 1202 together, the statutory language is clear and unambiguous: an action must be pending. As no action or proceeding is before this court, it lacks the statutory basis to appoint a guardian ad litem. Moreover, contrary to petitioner’s assertion, this court neither has jurisdiction over all the parties to the arbitration nor primary jurisdiction over the controversy that is the subject of the arbitration.
The claimants in the arbitration pending before the NYSE seek compensatory damages in excess of $1 million and punitive damages of $5 million against John Doe, claiming that he, as their stockbroker, made unauthorized transactions, churned the account and misrepresented the status of the account. This controversy, in the first instance, clearly is solely within the exclusive jurisdiction of the arbitration panel to determine. The hearing before the arbitration panel began over IV2 years ago, and further hearings, at which time John Doe is to put forth his case, are scheduled for several days in May, June and July. The testimony at the hearing held on this petition, as well as the exhibits submitted in support of the application, establishes that John Doe suffers from bipolar mood disorder. His treating psychiatrist testified and opined that Mr. Doe is completely unable to participate in any legal process or in any meaningful productive activity, but is capable of managing his affairs and does not need a guardian within the meaning of the Mental Hygiene Law. Petitioner, Mr. Doe’s attorney in the arbitration proceedings who is appearing under protest, seeks the appointment of a guardian ad litem to make decisions on *523 Mr. Doe’s behalf and to assist in his defense.[3] Petitioner is placed in the unenviable position of being forced to defend a client with whom he can communicate only through either his client’s psychiatrist or wife. The situation presented clearly demonstrates the need for some form of remedial action to insure the protection of a person incapable of adequately prosecuting or defending his or her rights in a nonjudicial proceeding, such as that at issue. This court, however, is constrained, and lacks jurisdiction to grant the relief requested.
That branch of the motion requesting that the records of this proceeding be sealed is granted. The motion is denied in every other respect, and the petition hereby is dismissed.

. Apparently, the arbitration panel lacks the authority under the governing rules and regulations of the NYSE to appoint a guardian ad litem; the Federal court found that it lacked subject matter jurisdiction to appoint a guardian ad litem; a prior petition filed in the Supreme Court, New York County, was withdrawn, without prejudice to refiling in Queens County.

. For the purposes of this application, this court treats petitioner as a “friend.”

. The arbitration panel directed Mr. Doe to submit to an independent evaluation by a psychiatrist chosen by the parties, which he did.