■ Robert Blashka, D.D.S., Appellant, v The New York Hotel Trades Council and Hotel Association of New York City Health Center, Individually and Jointly as Administrators and Trustees of the Employee Benefits Funds, Respondent, et al., Defendants. [6 NYS3d 27]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 28, 2013, which granted defendant New York Hotel Trades Council and Hotel Association of New York City Health Center, Inc.'s (the Health Center) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the Health Center's motion denied, and the complaint reinstated as against the Health Center.

In this action asserting a claim for an alleged violation of Labor Law § 741, plaintiff asserts that he was terminated from his employment with defendant in retaliation for complaining about certain practices involving patient care, including the Health Center's failure to terminate a dentist who had an alcohol addiction that was not successfully treated. The motion court erred in finding that plaintiff failed to identify any law or rule reasonably believed to have been violated by the Health Center as required for him to prove his Labor Law § 741 claim (*see Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 452-453 [2014]; *Bordell v General Elec. Co.*, 88 NY2d 869, 871 [1996]). Plaintiff's affidavit in opposition to the motion, points out that permitting a dentist to practice dentistry while intoxicated violates Education Law § 6509 (3)-(4) and Board of Regents Rule 29.1 (8 NYCRR 29.1).

Plaintiff's reports, in May and June 2009, to his superiors of his suspicions that this dentist, whom he supervised, was drinking while practicing dentistry were sufficiently close in time to support an inference of causation between his disclosures and his termination in July 2009 (*see* Labor Law § 741 [2] [a]; *Kim v New York State Div. of Human Rights*, 107 AD3d 434 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]; *see also Treglia v Town of Manlius*, 313 F3d 713, 720 [2d Cir 2002] [holding, in context of Federal age discrimination claim, that

"a close temporal relationship between a plaintiff's participation in protected activity and an employer's adverse actions can be sufficient to establish causation"]).

In response to the Health Center's asserted defense that it terminated plaintiff because of prior warnings and his mismanagement of his supervisee's alleged drinking (*see* Labor Law § 741 [5]; *Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d 1296, 1298 [2d Dept 2009]), plaintiff raised issues of fact as to pretext by pointing to record evidence that he reported his supervisee's resumption of drinking to his superior as early as April 2009, but the superior told plaintiff only to monitor the dentist and keep a log. Accordingly, there are issues of fact as to whether plaintiff was terminated based on his disclosures that his supervisee was drinking alcohol while practicing dentistry. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.