17-1074
Star Funding Inc. v. Tire Ctrs., LLC, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand seventeen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
STAR FUNDING, INC.,
    <u>Plaintiff-Appellant</u>,

    -v.-                           17-1074

TIRE CENTERS, LLC, DBA TCI TIRE CENTERS,
    <u>Defendant-Cross-Defendant-Third-Party Plaintiff-Appellee</u>,

1

VAULT MINERALS, LLC, CHRIS J. DELLINGES, J. EDWARD MARTIN,

**Defendants-Cross-Claimants,**

**and**

JASON EVERETT POWELL,

**Third-Party Defendant.**

- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT STAR FUNDING, INC.:**    ALEX SPIZZ (Debra Bodian Bernstein, on the brief), Tarter Krinsky & Drogin LLP; New York, NY.

**FOR DEFENDANT-APPELLEE TIRE CENTERS, LLC:**    PETER W. HERZOG III, Wheeler Trigg O'Donnell LLP; St. Louis, MO.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Star Funding, Inc. ("Star") appeals from the judgment of the United States District Court for the Southern District of New York (Daniels, J.) granting summary judgment in favor of Tire Centers, LLC ("TCi") and dismissing Star's claims against TCi. Star contends that it presented sufficient evidence to the district court to create a disputed issue of material fact on the question of whether a TCi employee, Jason Powell, had apparent authority to enter into purchase agreements on behalf of TCi. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Star, a commercial lender specializing in high-risk loans, made four such loans to Vault Minerals, LLC ("Vault") in order to finance so-called "tire flips," in which Star purchased "off-the-road" tires on behalf of Vault and promptly resold them to a designated Vault customer. To allay Star's concern that Vault's overseas customers might renege, Vault proposed selecting a domestic "back-up purchaser" and identified TCi, providing contact information for Powell. Star confirmed TCi's credit score and checked out Powell: his business card, which identified him as a Business Development Manager and included his TCi email address, his LinkedIn profile, and a purchase order that he provided. In reliance on Powell's representations that TCi would serve as back-up purchaser, Star agreed to finance the transactions.

In September 2013, John Eckerd, the founder of Vault, contacted Powell and asked him to provide a back-up purchase order for tires in TCi's name that Vault would submit to Star. In consultation with Eckerd, Powell created a fraudulent TCi purchase order and failed to obtain authority from his TCi superiors to purchase the tires. Vault sent the ostensible purchase order to Star with instructions that Star should not disclose to anyone that TCi was the transaction's back-up purchaser. The first two tire flip transactions proceeded with the original purchasers, and no one at TCi became aware of the purchase order other than Powell. However, the original purchasers fell through with respect to two transactions in April and June 2014, each worth $1,626,720. When TCi was called upon to purchase the tires, it refused to do so, arguing that Powell lacked authority to issue the purchase orders.

Star filed an action regarding the third and fourth transactions against TCi, Vault, and Vault's two LLC members. Star alleged five claims against TCi; Star did not appeal the dismissal of three of them. After discovery, the court granted TCi's motion for summary judgment on the remaining two claims, for breach of contract and promissory estoppel. Pursuant to Federal Rule of Civil Procedure 54(b), Star now appeals the district court's dismissal of the promissory estoppel count.

Rule 54(b) provides that a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Determining just reason for

delay is "left to the sound judicial discretion of the district court."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  "At the same time, . . . any *abuse* of that discretion remains reviewable by the Court of Appeals."  Id. at 10 (internal quotation marks omitted) (emphasis in original).  District courts may not repeat the formulaic language of Rule 54(b), but should, rather, offer a reasoned, even if brief, explanation.  See Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).  Here, the district court memo endorsed Star's request for entry of final judgment, without providing a reasoned explanation.

"On rare occasions we have excused the absence of an adequate explanation where the reasons for the entry of judgment were obvious and a remand to the district court would result only in unnecessary delay in the appeal process."  O'Bert ex rel. O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (internal quotation marks and alterations omitted).  This is such an appeal.

Star's claims against TCi concern Powell's apparent authority to enter into the purchase orders; the only remaining issue before the district court is a determination of the amount of damages against Vault and the individual defendants.  Even if Vault or the individual defendants were to pursue an appeal of that issue, or if TCi, Vault, or the individual defendants were to seek appeals of the cross-claims against each other, those appeals would not concern Powell's apparent authority.  Accordingly, the issue in this appeal is separable from the rest of the case, and it is unlikely that we will be asked to revisit the same issue in a subsequent appeal.  See Curtiss-Wright, 446 U.S. at 8 (holding that it was "proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals").

"[T]he standard against which a district court's exercise of discretion [in granting certification] is to be judged is the interest of sound judicial administration."  Id. at 10 (internal quotation marks omitted).  The reasons for the entry of final judgment here are obvious.  Because briefing is complete, dismissing the case now for lack of jurisdiction would cause unnecessary delay and expense to the parties.

We review a grant of summary judgment de novo. Authors Guild, Inc. v. HathiTrust, 755 F.3d 87, 93–94 (2d Cir. 2014).  The moving party bears the burden of demonstrating the absence of any genuine issues of material fact; and we "view the evidence in the light most favorable to the party opposing summary judgment, [] draw all reasonable inferences in favor of that party, and [] eschew credibility assessments."  Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted).

To recover under a theory of apparent authority, a plaintiff-third party must establish that "(1) the principal was responsible for the appearance of authority in the agent to conduct the transaction in question and (2) the third party reasonably relied on the representations of the agent."  Herbert Constr. Co. v. Cont'l Ins. Co., 931 F.2d 989, 993-94 (2d Cir. 1991) (internal citations and quotation marks omitted).

The first element entails a showing of "*words or conduct of the principal*, communicated to a third party, that give rise to the appearance and belief that the agent possess authority to enter into a transaction."  Standard Funding Corp. v. Lewitt, 89 N.Y.2d 546, 551 (1997) (internal citations and quotation marks omitted) (emphasis in original).  New York courts have consistently held that apparent authority cannot exist without evidence of misleading conduct or words by the principal.  See, e.g., Hallock v. State, 64 N.Y.2d 224, 231 (1984) ("[T]he existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal."); E.F. Hutton & Co. v. First Fl. Sec., Inc., 654 F. Supp. 1132, 1143 (S.D.N.Y. 1987) ("The law in New York is quite clear that one who wishes to rely on an agent's apparent authority must be able to point to particular instances of misleading conduct by the principal which gives a false impression that the putative agent had authority to act for him.") (internal citations and quotation marks omitted); UA-Columbia Cablevision of Westchester, Inc. v. Fraken Builders, Inc., 464 N.Y.S.2d 814, 815 (2d Dep't 1983) ("[A]pparent authority can bind a principal only where there was some misleading conduct on the part of the principal.").

Since TCi gave Powell the title of "Business Development Manager," Star argues that TCi cloaked Powell with the apparent authority to enter into the purchase orders. But the cases on which Star relies for this argument involved either high-level corporate officers or evidentiary showings not present here. For example, in In re Zaffron, "the fact that [the agent] held the title of *Vice President of Operations* [] cloaked him with the appearance of authority," 303 B.R. 563, 571 (Bankr. E.D.N.Y. 2004) (emphasis added), and in Merlite Indus. v. Valassis Inserts, Inc., the court held that there was an issue of fact as to whether the *Vice President of Sales* had apparent authority to bind the company, No. 89 Civ. 3848, 1991 WL 150223, at *2 (S.D.N.Y July 30, 1991). See also Bardach v. Weber, 42 N.Y.S.3d (1st Dep't 2016) (holding that record failed to show that *partner* in an accounting firm did not have apparent authority as a matter of law). In Prop. Advisory Grp., Inc. v. Bevona, the court ruled that a building "managing agent" had apparent authority to enter into a collective bargaining agreement, after receiving testimony that "it was common practice and custom throughout the commercial building industry in New York City for managing agents to bind owners of buildings to collective bargaining agreements with the Union. . . ." 718 F. Supp. 209, 211-12 (S.D.N.Y. 1989). Here, Powell's job title reflects that he was not a TCi officer, director, or executive who had apparent authority to bind the company, and Star conceded to the district court that it lacked evidence that it was the "common practice and custom" for Business Development Managers to purchase tires in any amount, let alone millions of dollars worth of them:

> The Court: Is there some testimony in this case by anybody on your side or their side that a person with this kind of title in any of these businesses necessarily has this authority?
>
> Mr. Spizz: No, your honor.

App'x 392-93.

A closer analogy to this case is VFP Invs. I LLC v. Foot Locker, Inc., in which Foot Locker's "Director of In-Store Marketing" and "Divisional Vice President of Franchise Development" falsely verified certain invoices from a manufacturer to one of the manufacturer's potential lenders. No. 152153/15, 2015 WL 6499513, at *1-*3 (N.Y. Sup. Ct. New York Cty. Oct. 22, 2015), aff'd, 48

6

N.Y.S.3d 27 (1st Dep't 2017). The lender sought recovery from Foot Locker on the ground that the employees had apparent authority; the court held, however, that their job titles were insufficient to establish their authority regarding accounting matters to a reasonable person, and "[the lender] merely had to contact Foot Locker's accounting department to learn that [the employees] were not authorized to verify receivables." Id. at *4. Powell's job title was similarly insufficient to establish authority to enter purchase orders for millions of dollars worth of tires. Accordingly, Star has presented no evidence to establish that TCi engaged in misleading conduct.

The district court did not decide the second element for establishing apparent authority under New York law: whether Star reasonably relied on Powell's representations. App'x 398-400. This consideration likewise cuts against Star's claim.

Star argues that it had no duty to inquire about Powell's authority. The duty to inquire arises when "the facts and circumstances are such as to put him on inquiry, the transaction is extraordinary, or the novelty of the transaction alerts the third party to the danger of fraud." Herbert Constr., 931 F.2d at 995-96 (internal citation and quotation marks omitted). "[T]he duty of inquiry amounts to an alternative way of asking whether the third party reasonably relied on the representations of the agent that he possessed authority to bind the principal." Id. at 996.

In Edinburg Volunteer Fire Co. v. Danko Emergency Equip. Co., the court held that the plaintiff failed to make a reasonable inquiry where the plaintiff should have been, and was, suspicious of some aspects of the transaction, inquired of the agent, "but blindly accepted his answer without contacting defendant to confirm this unusual arrangement." 867 N.Y.S.2d 547, 550 (3d Dep't 2008). Star similarly viewed the listing of Vault as the customer on the purchase orders as suspicious, but failed to follow up in any manner other than to contact Powell, who responded that "[w]e issued a [purchase order] to Vault because that's who we are buying the tires from." App'x 205. But Powell's answer makes little sense considering that the purchase orders specified that TCi would buy the tires *from* Vault whereas the tires were to be shipped *to* Vault. And it was surely arresting that the purchase orders provided that the tires --

7

each of which is 11-feet tall and 8,000 pounds -- would be shipped to Vault's address at an office park in Dallas, Texas.

Finally, Star relies on <u>Goldston v. Bandwith Tech. Corp.</u>, which held that "the risk of loss from an unauthorized act of a dishonest employee falls on the corporation which appointed him to act on its behalf and *not on the party who relies on his apparent authority*." 859 N.Y.S.2d 651, 655 (1st Dep't 2008) (emphasis added). However, <u>Goldston</u> does not provide an independent basis to establish apparent authority. For the foregoing reasons, Star has failed to establish either element of apparent authority, and equitable principles therefore do not afford Star relief.

We have considered Star's remaining arguments and conclude that they are without any merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8