OPINION OF THE COURT
Louis Grossman, J.
Motions Nos. 89, 90, 91 and 94 on the calendar of November 3, 1978 are consolidated for disposition.
The main motion (No. 94) in this class action instituted by plaintiff Jean Loretto, formerly the owner of residential premises located at 303 West 105th Street (ownership was recently transferred to a corporation wholly owned by plaintiff), seeks to test the constitutionality of section 828 of the Executive Law, which became effective on January 1, 1973. Defendant City of New York and the remaining defendants (Teleprompter) move by separate motions (Nos. 91 and 94) for similar relief.
The challenged statute, essentially, bars landlords from interfering with the installation of cable television facilities *945 upon their property and limits payment for such use of the property to the amount awarded by the Commission on Cable Television. (The commission has, to date, made only nominal awards of $1 and has effectively ruled that it will continue to make such awards absent a showing by a landlord that greater damages are attributable to the installation of cable TV components.) Also at issue is whether section 828 (subd 1, par b) of the Executive Law purports to authorize Teleprompter to place equipment on the premises of one landlord to service the tenants of another building farther removed from the source of the transmission.
Plaintiff argues that the virtually free installation of cable TV components on private property authorized by the statute amounts to an uncompensated trespass and condemnation of property that constitute a "taking” without due process. It is further urged that the proper measure of compensation is the 5% of Teleprompter’s gross revenues that was customarily paid to landlords before the adoption of the statute.
The motion is granted to the extent of declaring that the statute represents a reasonable and, therefore, justifiable exercise of the police power of the State both with respect to cable TV components placed directly on premises serviced by Teleprompter and premises on which equipment is placed to service another building. There is no question that the obvious public advantage sought to be served by the legislation under attack greatly outweighs the insignificant nature of the physical use of private property permitted by the statute. Further, it is not contended that such use has an adverse economic impact on the income-producing potential of rental premises. (Cf. French Inv. Co. v City of New York, 39 NY2d 587, 593-596.)
Plaintiff has clearly failed to meet the heavy burden imposed on a party seeking to overcome the strong presumption of constitutionality inherent in every statute enacted by the Legislature. In addition, in the absence of compelling circumstances making a declaration of unconstitutionality unavoidable, it is not the province of a court of first instance to strike down a statute as invalidly adopted. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150; Stewart v Strauss, 11 Misc 2d 433, 436.)
In light of the foregoing the remaining application (No. 90) which seeks relief bearing on the class action nature of this litigation has become academic and, considered as such, is denied.