■ Loretto v Group W. Cable.—The motion of plaintiff Jean Loretto for reargument or for leave to appeal is denied in its entirety, without costs.

The cross motions of defendants Group W. Cable, Inc. and the City of New York and of intervenor State of New York for leave to appeal are granted to the extent of deeming their motions as ones for reargument which we grant, and upon reargument we adhere to our affirmance of the appealed order which denied plaintiff's motion for attorneys' fees, but do so for the reasons stated hereinafter, without costs.

Reargument is granted in this matter to clarify the basis of our affirmance of the appealed order denying as "premature" plaintiff's motion to recover attorneys' fees. The order had been affirmed, without opinion.

In passing upon the motion, Special Term held that the plaintiff "must be deemed a prevailing party" within the meaning of 42 USC § 1988 and that as a prevailing party, plaintiff might eventually be entitled to an award of attorneys' fees to be assessed against defendants and the intervenor. Plaintiff's motion for a fee award was denied only because, in the court's view, the impact of plaintiff's lawsuit could not yet be evaluated. In view of its ruling that attorneys' fees would eventually be proper under 42 USC § 1988, the court found it unnecessary to reach the question of whether attorneys' fees might also be awarded pursuant to CPLR 909. The court did, however, suggest that although no notice to the class certified in this action was ever given, the class action might nevertheless remain viable and that attorneys' fees pursuant to CPLR 909 might eventually be awarded out of whatever judgment fund resulted after proceedings before the State Commission on Cable Television had run their course.

Although we think that Special Term correctly denied the motion for attorneys' fees, we think that the reasoning leading to that determination was erroneous in several respects, and unless clarified will lead to future confusion. Accordingly, we adhere to our initial affirmance but for the reasons which follow.

This action, initially seeking recovery primarily for trespass, was commenced by the plaintiff in 1976. Plaintiff alleged that she had sustained some $1 million in damages as a result of defendant cable television company's installation upon the roof of her premises certain equipment necessary to provide cable TV service to one of her tenants and to tenants in adjoining buildings. She also alleged that defendant's use of her premises for its equipment, purportedly authorized by section 828 of the Executive Law, constituted a taking of her property without just compensation, and that she had been deprived of her property without due process of law. Initially, plaintiff's complaint was dismissed by Special Term [98 Misc 2d 944], which held on summary judgment that defendant's installation of its cable facilities on petitioner's building was indeed authorized by Executive Law § 828[1] and that such law was a valid exercise of the State's police power. This court affirmed [73 AD2d 849] as did the Court of Appeals which, in essence, held that Executive Law § 828 did not authorize such interference with petitioner's property rights as would amount to a taking. *(Loretto v Teleprompter Manhattan CATV Corp.,* 53 NY2d 124, 151.) The United States Supreme Court reversed upon the "very narrow" holding that the "otherwise valid

---

1. Executive Law § 828 provides in relevant part:

"1. No landlord shall

"a. interfere with the installation of cable television facilities upon his property or premises, except that a landlord may require:

"i. that the installation of cable television facilities conform to such reasonable conditions as are necessary to protect the safety, functioning and appearance of the premises, and the convenience and well-being of other tenants;

"ii. that the cable television company or the tenant or a combination thereof bear the entire cost of the installation, operation or removal of such facilities; and

"iii. that the cable television company agree to indemnify the landlord for any damage caused by the installation, operation or removal of such facilities.

"b. demand or accept payment from any tenant, in any form, in exchange for permitting cable television service on or within his property or premises, or from any cable television company in exchange therefor in excess of any amount which the commission shall, by regulation, determine to be reasonable".

regulation so frustrates property rights that compensation must be paid." *(Loretto v Teleprompter Manhattan CATV Corp.,* 458 US 419, 425, 441.) On remand, the Court of Appeals, noting that the Supreme Court had not questioned the validity of Executive Law § 828 as an exercise of the State's police power, and that the court had specifically left open whether section 828 provided plaintiff a sufficient avenue to obtain compensatory relief, went on to hold that section 828 did in fact provide a means for plaintiff to obtain just compensation as it permitted plaintiff to submit a claim for reasonable compensation to the State Commission on Cable Television. *(See,* Executive Law § 828 [1] [b].) The Court of Appeals, although leaving intact the dismissal of the original complaint, retained jurisdiction over the matter to review whether the compensation fixed by the Commission constituted just compensation within the meaning of the Constitution *(Loretto v Teleprompter Manhattan CATV Corp.,* 58 NY2d 143).

Neither plaintiff nor any other landlord in the putative class certified in this action has, since the Court of Appeals February 1983 remand decision, made application to the Cable Commission for reasonable (now referred to in the Commission regulations as "just") compensation. Instead, plaintiff in December 1984 filed the present motion to recover more than half a million dollars in attorneys' fees from the defendants and the intervenor. Plaintiff sought this recovery on the ground that she was the prevailing party in a civil rights action and so was entitled to attorneys' fees pursuant to 42 USC §§ 1983 and 1988. 42 USC § 1988 provides: *"In any action* or proceeding *to enforce a provision of sections* 1981, 1982, *1983,* 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow *the prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs" (emphasis added). Plaintiff also sought to recover attorneys' fees pursuant to CPLR 909 which provides:

"Rule 909. Attorneys' fees.

"If a judgment in an action maintained as a class action is rendered in favor of the class, the court in its discretion may award attorneys' fees to the representatives of the class based on the reasonable value of legal services rendered and if justice requires, allow recovery of the amount awarded from the opponent of the class."

To state a claim as a "prevailing party" for attorneys' fees under 42 USC § 1988, plaintiff, who relies upon 42 USC

§ 1983, must first demonstrate that she has been deprived of a Federal right under color of State law (42 USC § 1983; *Gomez v Toledo,* 446 US 635, 640 [1980]; *Annunziato v The Gan, Inc.,* 744 F2d 244, 250 [2d Cir 1984]). It ought to be clear that plaintiff cannot now establish the deprivation of any Federal right. Although plaintiff has established that defendant cable company took her property under color of State law, that alone does not amount to the deprivation of a right. Plaintiff has not shown that her property has been taken without just compensation or due process, and, thus has not demonstrated that the taking which was itself authorized pursuant to a decidedly unobjectionable exercise of the State's police power (458 US 419, 425-426, *supra),* was effected in a manner violative of her Federal rights. As the United States Supreme Court has recently observed, "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation" *(Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 194 [1985]). The fact that a taking has occurred under color of State law is a necessary condition of plaintiff's 42 USC § 1983 claim, but it is not in itself sufficient to sustain the claim. Until plaintiff applies for just compensation, utilizing the procedures therefor set forth in the Executive Law and regulations promulgated pursuant thereto, and is denied the compensation she seeks she is not in a position to allege sufficiently, much less prove, the denial of any Federal statutory constitutional right. The Supreme Court has observed quite pointedly: "because the Fifth Amendment proscribes takings *without just compensation,* no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." *(Supra,* at 194, n 13; *see also,* at 194-195.)

The conclusion which follows is that plaintiff, who to date has not utilized the procedures to obtain compensation which have existed in substantially the form they do today since the enactment of Executive Law § 828 in 1972, cannot now make a section 1983 claim. If she cannot make a section 1983 claim, neither may she seek attorneys' fees as a "prevailing party" pursuant to 42 USC § 1988. Thus, it was error for Special Term to hold that plaintiff was a "prevailing party" within the meaning of 42 USC § 1988. The motion should simply have been denied on the ground that plaintiff failed to plead and prove any underlying constitutional violation.

As there presently exists no ground to believe that there

will be an award of attorneys' fees pursuant to 42 USC §§ 1983 and 1988 in this action, it is necessary to address plaintiff's alternative claim for a fee award pursuant to CPLR 909.

Although a class was certified in this action and the action has been referred to as a class action, the action has not been maintained as such; no notice was ever sent the class. Moreover, the outcome of plaintiff's 11-year effort is that plaintiff and the members of her putative class are consigned to essentially the same process for obtaining compensation as has existed ever since the enactment of Executive Law § 828. Unless, as seems altogether improbable, it is eventually judicially determined that the very minimal compensation landlords stand to receive under the Executive Law § 828 compensatory scheme (in most cases $1) does not amount to just compensation within the meaning of the Constitution, plaintiff will not have succeeded in conferring any tangible benefit upon the putative class. At this juncture in the litigation petitioner has prevailed in no more than establishing that the activity authorized by Executive Law § 828 does constitute a taking. This, however, is of purely academic interest since, as a practical matter, there is little reason to believe that landlords will receive any greater amount in what is now denominated "just compensation" than they would have previously in what was then termed "reasonable compensation." As Justice Blackmun perceptively noted in his dissent when this matter was before the United States Supreme Court, "If, after the remand following today's decision, this minor physical invasion is declared to be a taking deserving little or no compensation, the net result will have been a large expenditure of judicial resources on a constitutional claim of little moment." *(Loretto v Teleprompter Manhattan CATV Corp.*, 458 US 419, 456, n 12, *supra.)* We do not think CPLR 909 is correctly used to finance, and thereby encourage, the litigation of claims which have proven as insubstantial as those here made by the plaintiff. The motion for attorneys' fees pursuant to CPLR 909 should then have been denied by Special Term for the aforestated reasons.

We note that even if attorneys' fees were eventually to be awarded pursuant to CPLR 909 they would be properly payable out of the judgment fund, if any, that resulted from the lawsuit. Justice does not require *(see,* CPLR 909) that plaintiff's adversaries, who have at all times acted in good faith *(see, Loretto v Teleprompter Manhattan CATV Corp.*, 58 NY2d 143, 153, *supra),* should be forced to pay plaintiff's attorneys.

Thus, assuming that this action should be permitted to continue as a class action—a doubtful proposition considering that the original complaint has been dismissed and that the Court of Appeals has approved the administrative procedures pursuant to which each landlord may seek compensation on an individual basis[2]—computation of an award of attorneys' fees if otherwise appropriate, would have to be deferred until such time, if ever, as there existed a judgment fund out of which the fees could be paid.

Having affirmed the denial of plaintiff's motion for the above-stated reasons, we do not think it necessary to reach the State's claim that sovereign immunity insulates it from attorney fee liability under either 42 USC §§ 1983 and 1988 or CPLR 909. Concur—Murphy, P. J., Sandler, Milonas, Rosenberger and Smith, JJ.

(December 17, 1987)

---

2. We note that plaintiff conceded on her motion to reargue before Special Term that "any further proceedings in the State Commission on Cable Television must necessarily be conducted on behalf of individual applicants."