◼ Louisiana Municipal Employees' Retirement System et al., Respondents-Appellants, v Cablevision Systems Corporation et al., Appellants-Respondents. [904 NYS2d 492]—

In a consolidated shareholders' derivative class action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 11, 2008, which, among other things, granted the plaintiffs' motion, in effect, for recertification of the class and for an award of an attorney's fee and expenses, (2), a decision of the same court entered January 27, 2009, made after a hearing on stipulated facts, and (3) a judgment of the same court entered May 11, 2009, which, upon the order and decision, is in favor of the plaintiffs and against them jointly and severally in the sum of $2,100,000 as and for an award of an attorney's fee, and the plaintiffs cross-appeal (1) from the decision, and (2), as limited by their brief, from so much of the judgment as awarded them an attorney's fee in the sum of only $2,100,000 and failed to award them expenses.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal and the cross appeal from the decision are dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiffs' motion which was for an award of an attorney's fee and expenses is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs, shareholders in Cablevision Systems Corporation and putative representatives of a class in this consolidated action, moved, in effect, for recertification of the class and for an award of an attorney's fee and expenses under CPLR 909. Although the action had been conditionally certified as a class action in connection with a settlement, the settlement became void upon the nonconsummation of a transaction contemplated in the settlement agreement. The plaintiffs nevertheless contended that they had, in essence, obtained a judgment in favor of the class within the meaning of CPLR 909 and, thus, were entitled to an award of an attorney's fee and expenses. However, since the action did not result in the creation of a common fund from which an award of an attorney's fee could be disbursed, the plaintiffs sought to impose liability for their attorney's fees and expenses against the defendants directly.

In an order entered August 11, 2008, Supreme Court determined, inter alia, that the plaintiffs were entitled to recertification of the class. It further found that the plaintiffs had effectively obtained a judgment in favor of the class and, thus, were entitled to recover an award of an attorney's fee and expenses directly from the defendants pursuant to CPLR 909. The Supreme Court directed a hearing on the amount of the attorney's fee and expenses to which the plaintiffs were entitled. After a hearing on stipulated facts, the Supreme Court rendered a decision entered January 27, 2009, in which it concluded that the plaintiffs were entitled to an award of an attorney's fee in the sum of $2,100,000, but, in effect, concluded that they were not entitled to an award of expenses.

The defendants contend that the Supreme Court improperly

recertified the class action because the plaintiffs moved for recertification after the expiration of the time limit set forth in CPLR 902. However, the time limit contained in CPLR 902 applies to the initial certification of class actions, not their recertification following the failure of a contemplated event. Since the plaintiffs had previously obtained conditional certification in connection with the settlement of the class action, the Supreme Court did not improvidently exercise its discretion in deeming timely that branch of the plaintiffs' motion which was for class recertification, and in granting that branch of their motion upon the voiding of that settlement (*see generally Argento v Wal-Mart Stores, Inc.*, 66 AD3d 930, 932-933 [2009]; *Galdamez v Biordi Constr. Corp.*, 50 AD3d 357, 358 [2008]; *Caesar v Chemical Bank*, 118 Misc 2d 118, 121, [1983], *affd* 106 AD2d 353 [1984], *mod on other grounds* 66 NY2d 698 [1985]; *cf. O'Hara v Del Bello*, 47 NY2d 363, 369 [1979]; *Hernandez v Gateway Demolition Corp.*, 263 AD2d 467 [1999]).

The Supreme Court erred, however, in determining that the plaintiffs were entitled to recover an award of an attorney's fee from the defendants, since the plaintiffs clearly did not obtain a judgment in favor of the class within the meaning of CPLR 909. Moreover, even in circumstances in which CPLR 909 authorizes the award of an attorney's fee, such a fee is generally paid out of the common fund recovered on behalf of the class (*see Huff v C.K. Sanitary Sys.*, 260 AD2d 892, 897 [1999]; *Loretto v Group W. Cable*, 135 AD2d 444, 448 [1987], *cert denied* 488 US 827 [1988]; *Sternberg v Citicorp Credit Servs.*, 110 Misc 2d 804, 809 [1981]). Although CPLR 909 also provides that "if justice requires, [the court in its discretion may] allow recovery of the amount awarded from the opponent of the class," cases interpreting this statutory provision uniformly require a showing of bad faith or other improper conduct on the part of a defendant before approving an award of fees directly against it (*see Huff v C.K. Sanitary Sys.*, 260 AD2d at 897; *Loretto v Group W. Cable*, 135 AD2d at 448; *Sternberg v Citicorp Credit Servs.*, 110 Misc 2d at 809; Weinstein-Korn-Miller, NY Civ Prac ¶ 909.03 [2d ed]). In this case, there is no evidence that the defendants acted in bad faith, nor did the Supreme Court make such a finding. Accordingly, the Supreme Court improvidently exercised its discretion in holding the defendants liable for an award of an attorney's fee.

The parties' remaining contentions are without merit or have been rendered academic in light of the foregoing. Mastro, J.P., Rivera, Fisher and Lott, JJ., concur.