EDWARD O'BRIEN, as Assignee of Tara Singh, Respondent, v GEICO INSURANCE COMPANY, Appellant. [951 NYS2d 725]—

The Supreme Court did not improvidently exercise its discretion in, upon reargument, granting that branch of the plaintiff's cross motion which was to vacate the dismissal of the action pursuant to CPLR 3216, and granting that branch of the cross motion which was for leave to intervene in the action, and in denying that branch of the defendant's motion which was to dismiss the class action allegations set forth in the second amended complaint. The time limit for moving for class certification, set forth in CPLR 902, applies only to a motion for the initial certification of the class, which, in this case, was timely made (*see Louisiana Mun. Employees' Retirement Sys. v Cablevision Sys. Corp.*, 74 AD3d 1291, 1293 [2010]). Further-

more, the Supreme Court did not improvidently exercise its discretion in sua sponte certifying the class (*see* CPLR 902; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C902:1). However, pursuant to CPLR 903, in permitting the class action, the Supreme Court should have described the class. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for the entry of an order pursuant to CPLR 903 describing the certified class.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.