Avilez v Pasta La Vista, Inc. (2024 NY Slip Op 50235(U))

[*1]

Avilez v Pasta La Vista, Inc.

2024 NY Slip Op 50235(U)

Decided on March 6, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2024
Supreme Court, Kings County

Ruben Avilez, BUDDY DAVID, JACKSON OCHOA, STEPHANIE SNYDER, and ROMINA MORALES INOSTROZA, on behalf of themselves and others similarly situated class members, Plaintiffs,

against
Pasta La Vista, Inc. d/b/a PAZZA NOTTE and TOVE NORD, Defendants.

Index No. 526435/2023

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 17-40.[FN1]
DECISION
Introduction
Plaintiffs Ruben Avilez, Buddy David, Jackson Ochoa, Stephanie Snyder, and Romina Morales Inostroza, and the class ("Plaintiffs") have interposed a motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the Fair Labor Standards Act ("FLSA") Settlement, appointment of class representatives and approval of service awards, appointment of The Law Offices of Jeffrey E. Goldman as class counsel, approval of claims administrator's fees, and approval of attorneys' fees and costs ("Plaintiff's Motion for Final Approval") (see NYSCEF Doc No. 29, Notice of Motion).
In particular, Plaintiffs are moving for an Order:
(1) Granting final approval of the Settlement Agreement and Release attached as Exhibit 1 to the affirmation of Jeffrey E. Goldman, Esq.;
(2) For settlement purposes, certifying the settlement class pursuant to CPLR 908; and
(3) Approving payments pursuant to the Settlement Agreement.
(See id.) The motion is unopposed.
The Parties entered into a settlement totaling a maximum of no more than $500,000.00 on or about August 31, 2023 in a Class Action Settlement Agreement and Release (the "Settlement Agreement") (see NYSCEF Doc No. 19).
On September 19, 2023, Plaintiffs filed a Motion for Preliminary Approval of Class and Collective Action Settlement, Claims Administrator's Fees, Service Awards, and Attorney's Fees and Expenses (see NYSCEF Doc No. 17). The motion was unopposed, and Defendants took no position with respect to the requests for attorneys' fees, costs or service payments
On November 1, 2023, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing the Law Offices of Jeffrey E. Goldman as class counsel, appointing Rubin Avilez, Buddy David, Jackson Ochoa, Stephanie Snyder, and Romina Morales Inostroza, as class representatives, authorizing the parties to retain Martom Solutions, LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order") (see NYSCEF, Doc No. 28).
The Nature of Plaintiffs' Claims
Plaintiffs are former tipped employees who worked as servers, bussers, runners, bartenders and barbacks at Defendants' restaurant, Pazza Notte ("Pazza Notte") (see NYSCEF Doc No. 31 ¶ 7). On September 12, 2023, the five individually named Plaintiffs filed the present lawsuit alleging that Defendants violated the FLSA and New York Labor Law by purportedly:
(1) Unlawfully paying Plaintiffs less than the minimum wage for each hour worked;
(2) Failing to pay tipped employees the appropriate overtime premium for all hours worked in excess of forty hours per workweek; and
(3) Operating an unlawful tip pool, illegally retaining portions of Plaintiffs' tips, and failing to pay Plaintiffs' tips they were owed under the New York Labor Law.
(See id. ¶¶ 7-9.)
Defendants have denied, and continue to deny, all substantive allegations and have asserted that they paid their employees properly at all times (id. ¶ 17).
The Proposed Settlement Sum
On August 31, 2022, Plaintiffs and Defendants Pasta La Vista, Inc. d/b/a Pazza Notte ("Pasta La Vista") and Tove Nord ("Nord" and collectively with Pasta La Vista, "Defendants") entered into a Settlement Agreement and Release, which provides that Defendants shall pay a [*2]maximum settlement amount of $500,000.00 (the "Settlement Payment" or "Settlement Fund") (see NYSCEF Doc No. 30 at PDF 8 [FN2]
). The Settlement Payment includes awards to putative class members, service awards to the five named Plaintiffs and six Discovery Claimants, attorneys' fees and costs and administrator fees (see NYSCEF Doc No. 32 at 12-13).
Class members include Named Plaintiffs, Discovery Claimants and all persons who work, or have worked as servers, bussers, runners, bartenders and barbacks at Pazza Notte, and who have participated in the tip pools at Pazza Notte, during the time frame ranging from November 28, 2016 to July 15, 2023 ("Class Members") (see NYSCEF Doc No. 31 ¶ 28). 
Allocation Formula
Pursuant to the Settlement Agreement, the Settlement Fund is to be allocated based on the following calculations. The "Net Settlement Fund" was calculated by deducting from the Settlement Fund: (1) the claims administrator's fees and costs; (2) Court-approved attorneys' fees and costs for class counsel; (3) Court-approved Service Payments to the Named Plaintiffs; and (4) the Reserve Fund (see NYSCEF Doc No. 30 at PDF 8).
Class Members were allocated a portion of the Net Settlement Fund based upon the following formula: (1) Each Class Member was assigned one point for each workweek that such Class Member worked during the Relevant Time Period; (2) all points for Class Members were added together to ascertain the "Total Denominator"; (3) the number of points for each Class Member was divided by the Total Denominator to ascertain each Class Member's "Portion of the Net Settlement Fund"; and (4) each Class Member's Portion of the Net Settlement Fund was multiplied by the Net Settlement Fund to determine each Class Member's "Individual Settlement Allocation" (see id.).
The Settlement Claims Administrator
Plaintiffs retained Martom Solutions, LLC as the claims administrator for the settlement (the "Claims Administrator"). The Claims Administrator's fees totaling $10,000.00 are to be paid from the Settlement Fund, pursuant to the Settlement Agreement. (See id. at PDF 10.)
On November 1, 2023, the claims administrator sent, inter alia, the Notice of Settlement of Class Action Lawsuit ("Class Notice") to 137 class members as required under the Preliminary Approval Order and the Settlement Agreement (see id.). 
The Hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement
On October 19, 2023, during the hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement (filed on September 19, 2023), the Court stated that it would grant preliminary approval of the settlement of this action and thereafter issued an order granting preliminary approval on November 1, 2023 (the "Preliminary Order") (see id. at PDF 8).
In the Preliminary Approval Order, the Court, inter alia: (1) conditionally certified a class pursuant to CPLR 901; (2) appointed the Law Offices of Jeffrey E. Goldman as class [*3]counsel; (3) preliminarily approved the parties' settlement agreement; and (4) approved Plaintiffs' proposed Notice of Class Action Settlement to be sent to class members informing them of the settlement and their rights to participate in the settlement (see NYSCEF Doc No. 28). 
No Opt-Outs to the Settlement Were Received
In accordance with the terms of the Parties' settlement agreement, and the Preliminary Approval Order, notices were sent to all class members informing them of the terms of the Parties' settlement agreement and their right to participate in such settlement (see NYSCEF Doc No. 31 at ¶ 36).
Class counsel asserts to have received numerous telephone calls and emails from class members who reacted positively to the settlement terms. No opt-outs to the settlement were received. Moreover, no objections to the settlement have been filed. (See id. at ¶ 37.)
Plaintiffs' Counsel's Argument That the Settlement Class Should be Certified
Plaintiffs' counsel asserts that the Settlement Class should be certified, pursuant to CPLR 901 (a), which provides, inter alia, that a class action may be maintained if "the class is so numerous that joinder of all members whether otherwise required or permitted, is impracticable." Plaintiffs' counsel argues that the Court has previously found that the factors set forth in CPLR 901 have been met in this action, and, as such, granted preliminary certification of the proposed class for settlement purposes. On this basis, Plaintiffs' counsel opines that certification of the proposed class is warranted (see NYSCEF Doc No. 30 at PDF 11-12). 
Fair, Reasonable, and Adequate
When presented with a proposed class action settlement, courts are to examine the fairness of the settlement, its adequacy, reasonableness and the best interests of class members (see Klein v Robert's Am. Gourmet Food, Inc., 28 AD3d 63, 70 [2d Dept 2006]). The relevant factors for a court to review when determining whether a proposed class action settlement is fair, reasonable and adequate include the likelihood of success, the extent of support from the parties, the judgment of counsel, the presence of bargaining in good faith and the nature of the issues of law and fact (Matter of Colt Indus. Shareholder Litig., 155 AD2d 154, 160 [1st Dept 1990]). 
Likelihood of Success Factor
While Plaintiffs' counsel asserts that Plaintiffs' claims have merit, counsel recognizes the existence of legal, factual and procedural obstacles to recovery. Specifically, Defendants assert that there is scant, if any, risk of liability since employees were allegedly properly paid (see NYSCEF Doc No. 30 at PDF 13).
Specifically, Plaintiffs' counsel asserts that Plaintiffs' claims are inherently risky on the following grounds: (i) as Defendants claim that they fulfilled the requirements to take a tip credit; and (ii) as to wage notice and wage statement claims, Defendants argue that statutory penalties for such violations are not compensable in private state court actions (see id.).
In short, Plaintiffs' counsel asserts that there are substantial risks associated with establishing liability and damages for the Class (see id.).
Support from the Parties Factor
In evaluating the degree of class members' support for a settlement, courts examine the proportion of the class that objects to, and opts out of, the settlement. As such, where relatively few class members opt-out or object to the settlement, the lack of opposition supports court approval of the settlement (see Wal-Mart Stores, Inc. v VISA U.S.A. Inc., 396 F3d 96 [2d Cir 2005]).
Insofar as no Class Members have opted out or objected to the settlement, Plaintiffs' counsel opines that this factor constitutes evidence of the fairness of the proposed settlement (see NYSCEF Doc No. 30 at PDF 14). 
Judgment of Counsel Factor
Class counsel, who has allegedly repeatedly been found to be adequate class counsel in wage and hour class actions, has analyzed Defendants' factual and legal defenses. Class Counsel argues that in light of the strengths and weaknesses of the case, the proposed settlement readily falls within the range of reasonableness in that it achieves a significant benefit for the Class (see NYSCEF Doc No. 30 at PDF 15-16).
Bargaining in Good Faith Factor
A presumption of fairness arises in circumstances where a settlement was "reached in arm's length negotiations between experienced, capable counsel after meaningful discovery" (Wal-Mart Stores, Inc. v Visa U.S.A. Inc., 396 F.3d 96 at 116 [internal quotation omitted]).
Class counsel asserts that he is experienced in litigating complex wage and hour class actions (see NYSCEF Doc No. 30 at PDF 16). Further, class counsel alleges that the negotiation was vigorously conducted and settlement was reached by the parties after significant exchanges of documents between the parties, a full-day mediation session with Ruth Raisfeld, and continued negotiations between the parties (see id. at PDF 16-17). Class counsel argues that since the parties bargained in good faith and given that the settlement was facilitated by a third-party mediator, this factor weighs in favor of approving the settlement (see id.).
In short, class counsel argues that the settlement is fair, reasonable, and adequate, and should thus be approved.
Class Counsel Argues that its Proposed Legal Fees Are Reasonable
Class counsel asserts that its requested attorneys' fees are reasonable and should be approved pursuant to CPLR 909, which provides that the court may award attorneys' fees in its discretion "based on the reasonable value of legal services rendered."
Class counsel seeks approval of $166,000.00, equivalent to approximately 1/3 of the common fund ("Settlement Fund") as attorneys' fees (see NYSCEF Doc No. 30 at PDF 19). Class counsel argues that such proposed fee should be approved based on, inter alia, the factors considered by New York courts in assessing the propriety of legal fees in this context, namely, [*4]the risks of the litigation, counsel's standing, the magnitude and complexity of the litigation, and the amount recovered (see Sheridan v Police Pension Fund, Art. 2 of City of NY, 76 AD2d 800 [1st Dept 1980]; cf. Louisiana Mun. Employees' Retirement Sys. V Cablevision Sys. Corp., 74 AD3d 1291 [2d Dept 2010]).
Hearing
This Court conducted a fairness hearing on March 4, 2024. Appearing were class counsel for Plaintiffs and Defendants' counsel. No class members appeared. The Court posed questions to class counsel, particularly in terms of the legal fee, and class counsel responded to the satisfaction of the Court. The Court accepts Plaintiffs' arguments and finds that they have satisfied the statutory prerequisites for maintaining this action on behalf of a class. The relevant factors for approving the settlement of a class action, as related in case law cited above, have been more than amply established.
FINDINGS AND ORDER
Granting Plaintiffs' Unopposed Motion for Certification of the Settlement Class; Final Approval of the Class Action Settlement; Approval of the FLSA Settlement; Approval of Class Representative Service Awards; and Approval of Claims Administrator's Fees, Attorney's Fees, and Reimbursement of Expenses
Having considered the Motion for Final Approval, the supporting affirmation, affidavits, and exhibits, the documents maintained in the case file for this action listed above as used on this motion, the oral argument presented at the March 4, 2024 fairness hearing, and the complete record in this matter, for the reasons set forth herein and stated on the record at the March 4, 2024 fairness hearing, and for good cause shown,
NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement. To the extent that there are any discrepancies between the text of that portion of this Decision and Order appearing under the heading "Decision" and the text appearing below, the text below shall control.
2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.
3. Pursuant to CPLR 901, et. seq. the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification, the following Class: all persons who work or have worked as a server, busser, runners, bartender, and barback at any time since November 28, 2016 through July 15, 2023.
4. Pursuant to 29 § U.S.C. 216 (b), the Court approves the FLSA Settlement.
5. The Court confirms as final the appointment of Plaintiffs Ruben Avilez, Buddy David, Jackson Ochoa, Stephanie Snyder, and Romina Morales Inostroza as representatives of the Class, under CPLR 901, et seq.
6. The Court likewise confirms as final the appointment of The Law Offices of Jeffrey E. [*5]Goldman as Class Counsel for the Class pursuant to CPLR 901, et seq.
7. The Court finds that the Class Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of CPLR § 901, et.seq. and the Fair Labor Standards Act ("FLSA"), and due process.
8. Pursuant to CPLR 908, this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members and FLSA Members who opted in pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.
9. The Court finds that the proposed settlement is fair, adequate, and reasonable because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation.
10. CPLR 908 requires judicial approval for any compromise of claims brought on a class basis. In determining whether to approve a class action settlement, courts examine the fairness of the settlement, its adequacy, its reasonableness and the best interests of the class members.
11. The Court also finds that the class's reaction to the settlement was positive. No Class Member opted out of the settlement and no Class Member objected to the settlement.
12. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement. As set forth in the Settlement Agreement, the amount necessary to fund the balance of money owed shall be paid into the Settlement Fund by Defendants to the Claims Administrator within twenty-one (21) days from the Effective Date of the Settlement. The Effective Date of the Settlement shall be the day that the Court signs this Order.[FN3]
Within seven (7) business days after receiving such funds from Defendants, the Claims Administrator shall distribute the following payments: (a) paying Class Counsel's Court-approved attorneys' fees and costs; (b) paying the Court-approved Service Payments to the Named Plaintiffs (c) paying the Claims Administrator's Court-approved fees and costs; and (4) paying Participating Claimants their portion of the Net Settlement Fund.
13. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $166,000.00 which is one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during this litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by this litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable. The attorneys' fees shall be paid from the Settlement Fund.
14. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $3,001.00, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.
15. The Court approves and finds reasonable the service awards for each Named Plaintiffs in the amount of $6,500.00 and service awards of $3,750.00 to Discovery Claimants, in recognition of the services they rendered on behalf of the class. These service awards shall be paid from the Settlement Fund. 
16. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $10,000.00, which shall be paid from the Settlement Fund.
17. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.
18. The Court hereby enters this Final Order and Final Judgment and Dismissal with prejudice. The Court fully and finally dismisses this matter and this litigation in its entirety and with prejudice.
19. All Class Members and claimants release Defendants and any of the Releasees as defined in the agreement with any and all suits, actions, causes of action, claims, or demands in federal court, state court, or administrative agency based on putative violations of any state law (including the New York Labor Law and statutory, regulatory, and common law) pertaining to wage and hour claims.
20. All Opt-In Plaintiffs, Class Members, and claimants who sign their respective settlement check(s) release Defendants and any of the Releasees as defined in the agreement with any and all suits, actions causes of action, claims, or demands in federal court, state court, or administrative agency based on putative violations of the FLSA, including any and all claims that have been asserted or could have been asserted in this action.
21. Claimants release Defendants and Releasees from any and all claims based on or arising under the Fair Labor Standards Act or New York State law, including without limitation the New York Labor Law, the Hospitality Industry Wage Order, and/or common law, whether known or unknown, for wages, gratuities, service charges, administrative charges, tips, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief, based on events that took place from the beginning of time through the Final Effective Date.
22. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. This includes documents filed in connection with Motion Sequence No. 1, which sought preliminary approval.

Footnote 2:. PDF page numbers are used to identify the particular page where printed page numbers do not coincide with them.

Footnote 3:. By agreement of the parties, the funding date shall be April 5, 2024.